## ROSENTHAL v. RAPAPORT.

(Supreme Court, Appellate Term.  April 8, 1909).

REPLEVIN (§ 72*)—SUFFICIENCY OF EVIDENCE.

    In replevin to recover possession of certain chattels, alleged to have been wrongfully taken and withheld, evidence *held* to establish a prima facie case for plaintiff.

    [Ed. Note.—For other cases, see Replevin, Cent. Dig. § 292; Dec. Dig. § 72.*]

Appeal from Municipal Court, Borough of Manhattan, First District.

Action by James M. Rosenthal against Louis Rapaport.  Judgment for defendant, and plaintiff appeals.  Reversed, and new trial ordered.

Argued before GILDERSLEEVE, P. J., and SEABURY and LEHMAN, JJ.

Rifkind & Weinberger, for appellant.
Nathan M. Solomon, for respondent.

SEABURY, J.  This is an action in replevin to recover possession of certain chattels, alleged to have been wrongfully taken and withheld.  It is undisputed that on December 1, 1908, while the plaintiff was engaged in selling at auction the stock of goods in a store in premises known as No. 1077 Broadway, Brooklyn, a marshal of the city of New York entered the premises and seized the entire stock under a warrant of attachment, issued in an action wherein the defendant in this action was plaintiff and Feller Bros. were defendants, against the property of Feller Bros.  At the time of the seizure of said chattels the plaintiff claimed the title to them, and the marshal gave the plaintiff a certificate which acknowledged that the plaintiff claimed title.

The plaintiff claimed title to the chattels by virtue of a bill of sale executed by one Macklowitz to him.  The plaintiff testified that on November 30, 1908, one Macklowitz called at his place of business and offered to sell the goods, chattels, and fixtures in a store conducted in premises known as No. 1077 Broadway, Brooklyn; that he went with Macklowitz, inspected the stock, and agreed to purchase it for the sum of $150, of which $25 was paid at the time of the agreement, and the balance of $125 a few hours thereafter, in consideration of which Macklowitz duly executed a bill of sale, which was duly acknowledged and delivered to the plaintiff; that Macklowitz stated that he had no creditors, and that the stock was sold free and clear of all claims; that when the stock was exhibited the store was locked, and Macklowitz opened it with a key, and after the sale delivered the key to the plaintiff; that Macklowitz stated that he had recently bought the business.  The plaintiff was corroborated as to his transactions with Macklowitz by the witnesses Sternbacker and Goldman, and by the bill of sale, which was offered in evidence.

The evidence adduced on behalf of the defendant shows that the

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

defendant was a dealer in woolen goods; that he sold and delivered to Feller Bros. certain goods, for which Feller Bros. were indebted to the defendant; that Feller Bros. conducted their business in premises known as 1077 Broadway, Brooklyn; that on Saturday, November 28, 1908, the defendant called at the store for the purpose of collecting the amount due for the goods sold, and was told that he would get a check on Monday, November 30, 1908; that the defendant called at the store on November 30th at 9 a. m., and found the store locked; that Feller Bros. were conducting their business in said store on November 28th, and that their name was still on the premises on Monday, November 30th; that about 10 p. m. the defendant again called at the store, and found the plaintiff in possession; and that the plaintiff stated that he was going to sell the goods at auction.

The evidence offered on behalf of the plaintiff established a prima facie case. The evidence offered on behalf of the defendant, while tending to cast suspicion upon the plaintiff's title, did not impeach it. The court below, therefore, erred in granting judgment dismissing the complaint, on the ground that the plaintiff had failed to establish his title to the chattels.

Judgment reversed, and new trial ordered, with costs to appellant to abide the event. All concur.